# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

## № 25-CV-5558 (RER) (JAM)

———————————

ROBERT WALLACE-BEY

VERSUS

AMERICA'S CHRISTIAN CREDIT UNION

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

On October 1, 2025, Plaintiffs Temple of Seven Inc. and Robert Wallace-Bey, appearing *pro se*, filed this action against Defendant America's Christian Credit Union ("ACCU"). (ECF No. 1). By Order dated October 21, 2025, the Court dismissed Temple of Seven Inc. from the action,[1] granted Plaintiff Wallace-Bey's (hereinafter "Plaintiff") *in forma pauperis* ("IFP") application, and dismissed the complaint because Plaintiff failed to show that he had standing to bring the action and granted him leave to file an amended complaint by November 21, 2025. (ECF No. 6).

On November 6, 2025, Plaintiff filed an amended complaint against ACCU alleging claims pursuant to the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000A *et seq.*, and the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 200bb, *et seq.* (ECF No.

---

[1] "[A] corporation cannot appear *pro se* in federal court," including a religious corporation. *Zhao v. KeZhang, Inc.*, No. 18-CV-6452 (EK) (VMS), 2025 WL 2773022, at *1 (E.D.N.Y. Sept. 29, 2025) (citing *Jacobs v. Patent Enforcement Fund Inc.,* 230 F.3d 565, 568 (2d Cir. 2000); Clerk of Court is directed to reflect the caption as set forth in the amended complaint and terminate Temple of Seven Inc. and Does 1-10 from this action.

7). As discussed below, the amended complaint is dismissed with leave to amend by December 22, 2025.

## BACKGROUND

Plaintiff alleges that "[o]n June 11, 2025, [he] applied for a ministry account with ACCU to support religious and charitable operations," but that ACCU "denied the application" because "[o]ne signer currently has an unpaid charge-off in the amount of $230.89 with Capital One." (ECF No. 7 at 2, 6). Plaintiff alleges that "[b]y linking Plaintiff's personal consumer record to the organization's eligibility, Defendant imposed an unlawful religious and personal barrier to financial access." (*Id.* at 2). Plaintiff seeks $50,000 in damages and injunctive relief. (*Id.* at 3).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, courts must be mindful that a plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, when a plaintiff seeks

to proceed without paying the filing fee, the court must dismiss the action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

## DISCUSSION

At the outset, the Court finds that the amended complaint still does not allege facts to show that Plaintiff has standing. Plaintiff does not allege that *he* was denied a ministry account. Rather, Plaintiff alleges that Defendant failed to approve the opening of the ministry account for *Temple of Seven Inc*. As set forth in the Court's prior Order, an actual "case or controversy" is required under Article III, Section 2 of the Constitution, that is, Plaintiff must show that he has "standing" to sue the defendant. *Warth v. Seldin,* 422 U.S. 490, 498 (1975); *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will

be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (citation and brackets omitted).

Here, Plaintiff lacks standing because he does not allege claims that are personal to him; rather, the claims belong to the religious corporation, Temple of Seven Inc. As such, Plaintiff cannot sue based on any injuries allegedly sustained by the religious corporation. *See Bingham v. Zolt*, 66 F.3d 553, 561–62 (2d Cir. 1995).

However, even if Plaintiff had standing to sue, the Court finds that he does not allege facts sufficient to state a claim under ECOA,[2] Title II[3] or RFRA.[4] According to Plaintiff and the ACCU's letter dated September 29, 2025, attached as an exhibit, the account was denied because "[o]ne signer currently has an unpaid charge-off in the amount of $230.80 with Capital One." (ECF No. 7 at 6). There are no facts to suggest or support that ACCU discriminated against Plaintiff based on religion or religious association, that ACCU is a place of public accommodation, or that ACCU is a government actor that burdened or blocked Plaintiff's free exercise of religion. *See Hussein v. Occupant of the Office of CEO & CFO of Bank of America*, No. 24-CV-4477 (RPK) (MMH), 2025 WL 2783108, at *4 (E.D.N.Y. Sept. 30, 2025) (dismissing *pro se* complaint alleging an ECOA claim as conclusory and for failure to state a claim); *Houston v. Wells Fargo*, No. 24 Civ. 7637 (JGLC), 2025 WL 1582079, at *3–4 (S.D.N.Y. June 4, 2025) (same); *Antonetti v. Heavy Woods Bar*, No. 25-CV-661 (LDH) (JRC), 2025 WL

[2] ECOA provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction" on the basis "of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1).

[3] Title II prohibits discrimination in the provision of "goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation." 42 U.S.C. § 2000a.

[4] "RFRA provides that the 'government shall not substantially burden a person's exercise of religion.'" *Tanvir v. Tanzin*, 120 F.4th 1049, 1058 (2d Cir. 2024) (citing 42 U.S.C. § 2000bb-1(a)).

3078204, at *2–3 (E.D.N.Y. Nov. 4, 2025) (dismissing *pro se* complaint alleging Title II for failure to state a claim); *Marks-Ellis v. NYU Langone Health Systems*, No. 23 Civ. 9618 (KPF), 2025 WL 1784814, at *6 (S.D.N.Y. June 27, 2025) (dismissing *pro se* complaint alleging Title II because defendant was not a place of public accommodation); *Bartholomew v. Mount Sinai West*, No. 23-CV-3854 (PKC) (JRC), 2025 WL 2772911, at *6 (E.D.N.Y. Sept. 26, 2025) (dismissing *pro se* complaint alleging RFRA because defendant was a private entity). Therefore, Plaintiff fails to state a claim under ECOA, Title II or RFRA.

## CONCLUSION

Accordingly, the amended complaint, filed *in forma pauperis*, is dismissed, without prejudice, for lack of subject matter jurisdiction because Plaintiff lacks standing, Fed. R. Civ. P. 12(h)(3), and in the alternative, for failure to state a claim under the Equal Credit Opportunity Act, Title II of the Civil Rights Act, and the Religious Freedom and Restoration Act. 28 U.S.C. § 1915(e)(2)(B).

In light of Plaintiff's *pro se* status and out of an abundance of caution, the Court grants Plaintiff until December 22, 2025, to file a second amended complaint that alleges facts to show that *he* has standing to commence the action and a plausible basis for the claim to proceed under the federal law.

If Plaintiff chooses to file a second amended complaint, it must be captioned "Second Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 25-CV-5558 (RER) (JAM).

The second amended complaint shall replace, not supplement, the prior complaints. That is, the second amended complaint must stand on its own without

reference to the complaint or the amended complaint. If Plaintiff fails to file a second amended complaint within the time allowed or fails to show good cause for an extension of time, the Court shall direct the Clerk of Court to enter judgment and close this case.

The second amended complaint, if filed, shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and for subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a General Complaint form to Plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff may seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by City Bar Justice Center by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: November 21, 2025
          Brooklyn, New York

6