UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
Robert Wallace-Bey,

               Plaintiff,                           **MEMORANDUM & ORDER**
                                                                            25-CV-5558 (RER) (JAM)

   -against-

America's Christian Credit Union,

               Defendant.
----------------------------------------------------------X

**RAMÓN E. REYES, JR., District Judge:**

On October 1, 2025, Plaintiffs Temple of Seven Inc. and Robert Wallace-Bey, appearing *pro se*, filed this action against Defendant America's Christian Credit Union ("ACCU"). (ECF No. 1). By Order dated October 21, 2025, the Court dismissed Temple of Seven Inc. from the action,[1] granted Plaintiff Wallace-Bey's (hereinafter "Plaintiff") *in forma pauperis* ("IFP") application, and dismissed the complaint because Plaintiff failed to show that he had standing to bring the action and granted him leave to file an amended complaint by November 21, 2025. (ECF No. 6).

On November 6, 2025, Plaintiff filed an amended complaint against ACCU alleging claims pursuant to the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*., Title II of the Civil Rights Act ("Title II"), 42 U.S.C. § 2000A *et seq*., and the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 200bb, *et seq*. (ECF No. 7). By Order dated November 21, 2025, the Court dismissed the amended complaint with leave to file a second amended complaint by December 22, 2025. (ECF No. 8). On December 18,

---

[1] "[A] corporation cannot appear *pro se* in federal court," including a religious corporation. *Zhao v. KeZhang, Inc.*, No. 18-CV-6452 (EK) (VMS), 2025 WL 2773022, at *1 (E.D.N.Y. Sept. 29, 2025) (citing *Jacobs v. Patent Enforcement Fund Inc.*, 230 F.3d 565, 568 (2d Cir. 2000). The Clerk of Court is directed to reflect the caption as set forth in the second amended complaint and terminate Temple of Seven Inc. as a plaintiff in this action.

2025, Plaintiff filed a second amended complaint alleging that ACCU violated his rights under the ECOA. (ECF No. 10).

## BACKGROUND

Plaintiff alleges that "[o]n June 11, 2025, [he] personally applied for a ministry account with ACCU," and was the "sole individual evaluated by ACCU in determining whether to approve or deny the application." (ECF No. 10 at 2). Plaintiff alleges that "ACCU issued a letter (attached as Exhibit A) denying Plaintiff's application, stating that the denial was based solely on Plaintiff's personal ChexSystems record, specifically an alleged unpaid Capital One charge-off of $230.89." (*Id.*) Plaintiff alleges that "ACCU's denial was discriminatory because ACCU conditioned approval on Plaintiff's personal credit history," and that he "was personally injured" as a result. (*Id.*). Plaintiff seeks $50,000 in damages and injunctive relief. (*Id.* at 3).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, courts must be mindful that a plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris*

*v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, when a plaintiff seeks to proceed without paying the filing fee, the court must dismiss the action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## **DISCUSSION**

The Court finds that the second amended complaint still does not allege facts to show that Plaintiff has standing. Plaintiff does not allege that *he* was denied a ministry account. Rather, Plaintiff alleges that Defendant failed to approve "the membership application for Temple of Seven Inc." as referenced in the ACCU letter dated September 29, 2025, he attached as an exhibit. (ECF No. 10 at 5.)

An actual "case or controversy" is required under Article III, Section 2 of the Constitution, that is, Plaintiff must show that he has "standing" to sue the defendant. *Warth v. Seldin,* 422 U.S. 490, 498 (1975); *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). "To

establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (citation and brackets omitted). To the extent that ACCU denied "the membership application for Temple of Seven Inc.," (ECF No. 10 at 5), Plaintiff does not have standing to sue. *See Bingham v. Zolt*, 66 F.3d 553, 561–62 (2d Cir. 1995).

To the extent Plaintiff alleges that the claims are personal to him and arise under the ECOA,[2] his claim also fails. According to Plaintiff and the ACCU's letter dated September 29, 2025, attached as an exhibit, the account was denied because "[o]ne signer currently has an unpaid charge-off in the amount of $230.80 with Capital One." (ECF No. 10 at 5). There are no facts to suggest or support that ACCU discriminated against Plaintiff on the basis of "race, color, religion, national origin, sex or marital status or age." 15 U.S.C. § 1691(a)(1). Instead, Plaintiff alleges that the denial was based on his "personal ChexSystems record, specifically an alleged unpaid Capital One charge-off of $230.89." (ECF No. 10 at 2). As such, Plaintiff's allegations do not support a claim under the ECOA. *See Hussein v. Occupant of the Office of CEO & CFO of Bank of America*, No. 24-CV-4477 (RPK) (MMH), 2025 WL 2783108, at *4 (E.D.N.Y. Sept. 30, 2025) (dismissing *pro se* complaint alleging an ECOA claim as conclusory and for failure to state a claim); *Houston v. Wells Fargo*, No. 24 Civ. 7637 (JGLC), 2025 WL 1582079, at *3–4

---

[2] ECOA provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction" on the basis "of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1).

4

(S.D.N.Y. June 4, 2025) (same). Despite several opportunities to do so, Plaintiff has failed to state a claim under the ECOA.

## CONCLUSION

Accordingly, the action, filed *in forma pauperis*, is dismissed, without prejudice, for lack of subject matter jurisdiction because Plaintiff lacks standing, Fed. R. Civ. P. 12(h)(3), and, in the alternative, for failure to state a claim under the Equal Credit Opportunity Act. 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Ramón E. Reyes, Jr.
RAMÓN E. REYES, JR.
United States District Judge

Dated: December 19, 2025
          Brooklyn, New York